**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MARIE JACQUES,

                            Plaintiff,

            - against -

ADELPHI UNIVERSITY, DR. DARYLANN
FICKEN, individual, and DR. PATRICK
COONAN, individual,

                          Defendants.
-----------------------------------------------------------X

**ORDER**

CV 10-3076 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff in this discrimination action is seeking the transcript of another student in the Graduate Nursing Program at Adelphi University who, like the plaintiff, received a grade of C+ (considered a failing grade in the program) in the Spring semester of 2009. *See* DE 24. According to the plaintiff, the other student, who was of a different national origin, race and color from plaintiff, was permitted to continue in the program and repeat the class. Plaintiff, on the other hand, was dismissed from the program. Defendants' counsel has raised an objection based on the Family Educational Rights and Privacy Act of 1974 ("FERPA") and has asserted, at a minimum, that a Court Order is necessary in order to produce such information.

      I heard further argument from counsel on this issue at today's status conference. Under the provisions of the statute, a school would not be subject to sanctions for disclosure of education records covered by FERPA when such disclosure was made pursuant to a judicial order. *Rios v. Read*, 73 F.R.D. 589, 597 (E.D.N.Y. 1977); *see also* 20 U.S.C. § 1232g(b)(2)(B).

The inquiry, however, does not end there because the "privacy violations" that result from any disclosure of FERPA-protected education records are "no less objectionable simply because release of the records is obtained pursuant to judicial approval unless, before approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students." *Rios*, 73 F.R.D. at 599 (citing S. Rep. No. 93-1026, at 187 (1974), reprinted in 1974 U.S.C.C.A.N. 4251 ("The need to protect students' rights must be balanced against legitimate Federal needs for information.")).

Accordingly, a party seeking disclosure of education records protected by FERPA bears "a significantly heavier burden . . . to justify disclosure than exists with respect to discovery of other kinds of information, such as business records." *Rios*, 73 F.R.D. at 598; *Ragusa v. Malverne Union Free School Dist.*, 549 F.Supp.2d 288, 293 (E.D.N.Y. 2008). Courts, both within and outside this Circuit, have demonstrated a willingness to allow the disclosure of protected education records when the moving party has met its "significantly heavier burden" to show that its interests in obtaining the records outweighed the students' privacy interests. *See, e.g.*, *Nastasia v. New Fairfield Sch. Dist.*, No. 3:04 CV 925 (TPS), 2006 WL 1699599, * 1-2 (D.Conn. June 19, 2006) (issuing judicial order compelling disclosure of (1) the identification of another student who had made complaints similar to the plaintiff's, which was "arguably relevant" to plaintiff's claims and was "in the exclusive control of the defendant," and (2) records of similar complaints when the information was "clearly relevant" to plaintiff's claims and the defendant's burden of production was "minimal"); *Davids v. Cedar Falls Cmty. Sch.*, No. C96-2071, 1998 WL 34112767, * 3 (N.D.Iowa Oct. 28, 1998) (finding plaintiff's need for disclosure of education records, which would help him attempt to prove his allegations that his school

2

"engaged in a practice of disparate discipline of minority and non-minority students," outweighed the students' privacy interests); *Rios*, 73 F.R.D. at 599 (determining that plaintiff demonstrated sufficient need for students' academic records and test results when it would be "impossible to prove" the alleged Title VI violations without such records).

Having considered the statute and the arguments of counsel, as well as the Code of Federal Regulations, I find that the information sought by Plaintiff's counsel is protected by FERPA. The requested transcript is undoubtedly an "education record" within the meaning of FERPA, *see* 34 C.F.R. § 99.3, and the requested record contains personally identifiable information about the other student in the class who also received a C+ grade. *See id.* This conclusion, however, does not end the analysis, for two reasons. First, there is nothing in FERPA that would prohibit Defendants from releasing education records that had all "personally identifiable information" redacted. *See U.S. v. Miami Univ.*, 294 F.3d 797, 824 (6th Cir. 2002) (noting that parties "may still request student disciplinary records that do not contain personally identifiable information. Nothing in the FERPA would prevent the Universities from releasing properly redacted records."); *Bd. of Tr., Cut Bank Pub. Sch. v. Cut Bank Pioneer Press*, 160 P.3d 482, 487 (Mont. 2007) (noting that "other jurisdictions have held that once a record is redacted, it no longer contains 'information relating directly to a student' and is therefore not an educational record under FERPA") (collecting cases).

Second, FERPA permits Defendants to disclose students' education records to comply with a judicial order. *See* 34 CFR 99.31(9)(I). In this case, Plaintiff has demonstrated a need for the requested transcript – she has shown that this record is relevant at least to some degree in that

it may aid her in an attempt to demonstrate that Defendants' articulated reasons for dismissal from the graduate nursing program were a pretext for unlawful discrimination.

For these reasons, it is hereby

ORDERED, that the defendants shall produce to plaintiff's counsel the transcript referenced herein by August 8, 2011; and it is further

ORDERED, that the transcript shall be produced in redacted form, with all personally identifiable information blocked out.

**SO ORDERED.**

Dated: Central Islip, New York
July 19, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge